George David GONZALES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17095.

United States Court of Appeals Ninth Circuit.

March 23, 1962.

Ralph J. Moore, Jr., Oakland, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief Criminal Division, and Meyer Newman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, JERTBERG and DUNIWAY, Circuit Judges.

PER CURIAM.

Following trial by a jury, appellant was convicted of both counts of a two-count indictment charging violation of Title 21 U.S.C. §§ 176a and 174.

Count One charged that on or about July 2, 1960, appellant and one Arrizan, with intent to defraud the United States, knowingly and wilfully smuggled and clandestinely introduced marihuana into the United States from Mexico, contrary to law, which marihuana should have been invoiced. The second count charged that on the same day, appellant and the same Arrizan, contrary to law, knowingly smuggled and imported heroin from Mexico into the United States.

Arrizan pleaded guilty to Count One and, while awaiting sentence, testified as a witness for appellant, exonerating appellant of any culpability in the unlawful smuggling and importation of said narcotics.

Jurisdiction of the District Court was based upon Title 18 U.S.C. § 3231, and jurisdiction of this Court is under the provisions of Title 28 U.S.C. §§ 1291 and 1294.

The narcotics were smuggled into the United States in a spare tire in the trunk of an automobile owned by co-defendant Arrizan. The trunk was equipped with a functioning automatic lock, the key to which was in Arrizan's possession. The "lumpy" appearance of the tire was noticed and the crimes discovered when Arrizan unlocked the trunk door for inspection by a Custom Inspector at the Port of entry in San Ysidro. The occupants of the car were Arrizan, who was the driver, and appellant who was riding in the car.

Among grounds of reversal urged by appellant is that the evidence is insuffi-

**32**

cient to sustain the conviction. To sustain the conviction, the burden was upon the Government to prove that appellant had knowledge of Arrizan's illegal activity and that appellant participated therein.

A careful reading of all of the evidence in this case forces us to the conclusion that the conviction cannot stand. To do so would sanction a verdict resting on suspicion and speculation.

The conclusion we have reached makes it unnecessary to consider other errors upon which appellant relies.

The judgment of conviction is reversed and the cause remanded to the District Court with instructions to dismiss the indictment against appellant.