UNITED STATES of America,
Plaintiff-Appellee,

v.

Mack Cleo BONDS, Defendant-
Appellant.

No. 25937.

United States Court of Appeals,
Ninth Circuit.

Nov. 20, 1970.

Philip N. Andreen, San Diego, for defendant-appellant.

Harry D. Steward, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BARNES, BROWNING, and DUNIWAY, Circuit Judges.

PER CURIAM:

Mack Cleo Bonds was found guilty of knowingly smuggling merchandise into the United States without having it invoiced. 18 U.S.C. § 545. The only proof supporting the verdict is evidence that he was a passenger in a car rented and driven by his codefendant, that he appeared "to be tense and not at ease" when the car was stopped at the border, and that a search of the car revealed a substantial amount of narcotics hidden under the back seat.

This is insufficient to sustain the jury finding that Bonds had knowledge of his codefendant's illegal activity and participated therein. To permit the verdict to stand would sanction a verdict resting on suspicion and speculation. Doherty v. United States, 318 F.2d 719 (9th Cir. 1963); Arellanes v. United States, 302 F.2d 603 (9th Cir. 1962); Gonzales v. United States, 301 F.2d 31 (9th Cir. 1962).

The government argues that there was sufficient evidence from which the jury could find a joint venture on the part of the two defendants. *See* Eason v. United States, 281 F.2d 818 (9th Cir. 1960). However, here there was no evidence that Bonds was a long-time friend of his codefendant or that they jointly planned the trip for similar purposes. Instead, the evidence indicates that Bonds was a friend of the codefendant's son and was simply invited along for the ride. On this evidence we do not believe that "the jurors reasonably could decide that they would not hesitate to act in their own serious affairs upon factual assumptions as probable as the conclusion" that Bonds planned and executed the smuggling as a joint venture with his codefendant. United States v. Nelson, 419 F.2d 1237, 1245 (9th Cir. 1969).

Reversed and remanded with instructions to dismiss. *See* United States v. Howard, 432 F.2d 1188 (9th Cir. 1970) (Judge Ely concurring).