**Robbie HOLE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16152.**

Court of Criminal Appeals of Oklahoma.

May 26, 1971.

Mac Oyler, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

This is an appeal from the revocation of a suspended sentence. 22 O.S.Supp.1970, § 991b.

Plaintiff in error, Robbie Hole, hereinafter referred to as defendant, was charged on October 10, 1968 with the crime of Possession of Marihuana (63 O.S., § 451) in the District Court of Pottawatomie County, Case No. 6713. On April 1, 1969, defendant entered a plea of guilty and was sentenced to a term of two years imprisonment and a $200.00 fine with the sentence suspended. Defendant paid the fine and remained on the suspended sentence until February 3, 1970, when the district attorney filed a motion to vacate the order suspending the sentence for the reason that defendant had committed the crime of marihuana possession in Oklahoma County, Case No. CRF–70–245.

On May 25, 1970, a hearing was held in the District Court of Pottawatomie County on the district attorney's motion, and the court revoked the suspended sentence citing as its reason defendant's conviction for possession of marihuana in the District Court of Oklahoma County, Case No. CRF–70–245, on May 15, 1970. Bail pending appeal was denied and defendant committed to the penitentiary.

Defendant's conviction in Oklahoma County Case No. CRF–70–245 was appealed to this Court as Case No. A–16,147. Said conviction was reversed and the case remanded with instructions to dismiss on May 26, 1971. Riggs, et al v. State, Okl. Cr., 486 P.2d 643.

Since the sole reason for revocation was the Oklahoma County conviction in Case No. CRF–70–245 which has now been set aside, the May 25, 1970 'Order Revoking the Suspended Sentence' in Pottawatomie County Case No. 6713 has no basis and must therefore be reversed.

It is, therefore, ordered that the May 25, 1970 'Order Revoking Suspended Sentence' in Pottawatomie County Case No. 6713 be set aside, that defendant be immediately released from further confinement under said order, and that defendant be returned to his former probation status on the suspended sentence.