Anthony Henry THOMPSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16024.

Court of Criminal Appeals of Oklahoma.

June 30, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Anthony Henry Thompson, hereinafter referred to as defendant, was convicted by a jury verdict of carrying a firearm after a felony conviction with punishment fixed at five years imprisonment in District Court of Oklahoma County, Case No. CRF–70–457. Judgment and sentence was imposed on April 10, 1970, and this appeal perfected therefrom. Defendant was confined in the state penitentiary under this judgment on April 24, 1970.

It is defendant's contention that the trial court erred in overruling his motion to suppress evidence obtained by an illegal search and seizure.

The evidence, consisting only of Officer Campbell's testimony, indicates that Campbell and his fellow officer followed a 1963 Rambler containing five occupants for five blocks. Officer Campbell observed defendant, seated in the back between two other persons, make "suspicious" movements and that the car's brake lights were defective. The officers turned on the patrol car's emergency equipment, stopping the Rambler. Officer Campbell approached the passenger side of the Rambler, while his partner approached the driver's side. The driver alighted from the car, giving his identification to the other officer, while Campbell told defendant to get out of the car. The officer testified that although it is not normal procedure on a traffic violation to order all the passengers out of the car, he had reason to suspect commission of a crime other than the brake light offense, because defendant "was acting very suspicious and looking back." Defendant was ordered out and the car searched because the officer thought defendant might be "trying to hide something from us." After all the occupants had exited from the car, Campbell's partner searched the car and uncovered a gun between the cushions of the back seat. After finding the gun, Officer Campbell advised defendant he was under arrest for carrying a concealed weapon, and informed defendant of his constitutional rights. Defendant then said, according to Campbell, that he got the gun from someone else.

In Thompson v. State, Okl.Cr., 444 P.2d 849 (1968), it was held:

"A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not on any prob-

able cause of the commission of a felony, but on mere suspicion, violates the constitutional provision forbidding unreasonable searches or seizures, and evidence obtained by such a search is inadmissible."

In Fields v. State, Okl.Cr., 463 P.2d 1000 (1970), this Court reiterated that a sham or subterfuge arrest will not support a warrantless auto search, and that even a search incident to a lawful arrest extends only to the area in which the arrestee might reach for a weapon. More recently in Lawson v. State, Okl.Cr., 484 P.2d 1337, we re-stated the constitutional limits of a warrantless search incident to a traffic violation, holding:

"On arrest for a traffic violation there is no lawful predicate for a search of the driver or the vehicle absent special circumstances where the officer has probable cause to search the area in which the arrestee may reach for a weapon or to destroy evidence of the crime for which he is arrested. A search exceeding these limits is constitutionally unreasonable and the fruits thereof inadmissible."

The facts in this case do not support the State's contention that the search was lawful as incident to the traffic violation. The car was followed for five blocks during which the officer became suspicious because of defendant's turning around. The officer said the car did not stop while he was following until after the patrol car's emergency equipment was turned on, which was the first opportunity to observe the brake lights were not functioning. There is no indication a citation for defective brake lights was issued as the trial court sustained the prosecutor's objection to defendant's inquiry as to issuance of any traffic citations. Although defendant was not the driver, he was immediately ordered out of the back seat and the car interior searched although neither the defendant nor the other four occupants were first personally searched for weapons. As stated in Lane v. State, 424 S.W.2d 925 (Tex.Cr. App.1967):

"To say that the officer who turns his back on the driver whom he has arrested, while he first searches the driver's automobile is conducting a reasonable search incident to the arrest and not conducting an exploratory search staggers the credulity of anyone who pauses to examine the reasoning."

█ There was no outstanding warrant or pick-up order for the defendant, the car, or its other occupants. The officer did not see an offense other than the defective brake lights and did not see any contraband or the weapon until after the search of the empty car. The search was to see if defendant was hiding something and prompted by defendant's turning around. Defendant's movements may have been viewed as suspicious, but suspicion alone does not constitute probable cause to search without a warrant.

█ A passenger in a car who appears "tense and not at ease" may be viewed as suspicious but that fact alone is not evidence of any crime. United States v. Bonds, 9 Cir., 435 F.2d 164. A motorist leaving his car after an accident may appear suspicious, but it does not constitute probable cause to search the car without a warrant. Denson v. State, (Tenn.Cr.App.1971). In People v. Superior Court, 3 Cal.3d 807, 91 Cal.Rptr. 729, 478 P.2d 449 (1970), the actions of a car passenger who turned around, looked at the officer, "then faced forward again, bent down toward the floor" and resumed a normal position was not probable cause to search the interior of the car incident to a traffic violation. This decision considers in detail the rule that suspicious movements of a car occupant alone do not justify a search of the vehicle incident to a traffic violation. "[G]estures are not 'sufficient in themselves to warrant a man of reasonable caution in the belief that [contraband] was being transported in the

vehicle under observation.'" 478 P.2d at 459.

In People v. Moray, 222 Cal.App.2d 743, 35 Cal.Rptr. 432 (1963), while stopping a car for a traffic violation, the officer saw the motorist move "as if reaching in his pocket" and lean forward. The officer searched the car to see what defendant "had hidden underneath the seat." Reversing a conviction for marihuana found in a box underneath the seat, the court held:

> "The defendant might have been scratching himself, he might have been reaching for his wallet with his identification and documents therein or he might have been simply changing his physical position, none of which activities would seem to be a reasonable cause to suspect him of committing a felony.
>
>     *    *    *    *    *    *
>
> If the conduct set forth in the record in this case were to constitute probable cause for a traffic officer to believe that a felony has been committed and that a search of the motorist's vehicle is authorized, then practically every motorist * * will be subject to having his person and his automobile searched by the traffic officer—such is fortunately not the law." 35 Cal.Rptr. at 434.

We, therefore, conclude that the search was not incident to the traffic violation but based on mere suspicion that defendant was hiding something in the back seat because of his movements in turning around and looking back at the officer. Accordingly, there was no probable cause to search the vehicle without a warrant and the fruits thereof are inadmissible.

Likewise, defendant's admission resulting from the illegal search and seizure was the "fruit of the poisoned tree" and therefore inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Amador-Gonzalez v. United States, 391 F.2d 308, 318, (5 Cir. 1968).

Reversed and remanded with instructions to dismiss.

BUSSEY, P. J., and BRETT, J., concur.