Anthony Henry THOMPSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–16064, A–16066.

Court of Criminal Appeals of Oklahoma.

June 30, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack Pratt, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

This is an appeal from an order revoking a suspended sentence, 22 O.S.Supp.1970, § 991b.

Plaintiff in error, Anthony Henry Thompson, hereinafter referred to as "defendant", entered on June 20, 1969, a plea of guilty for a suspended sentence to two charges of unauthorized use of a motor vehicle in the District Court of Oklahoma County, Case No's. CRF–69–395 and CRF–69–675. Subsequently, on motion of the district attorney, a hearing was held on April 10, 1970, to revoke the suspended sentences for the reason that defendant had violated the conditions of the suspended sentence because he had been convicted of a new offense, to-wit: carrying a firearm after a felony conviction, in the District Court of Oklahoma County, Case No. CRF–70–457.

At the hearing to revoke the suspended sentence in Case Nos. CRF–69–395 and CRF–69–675, the trial court advised defendant the ground for revocation was the charge that defendant had been convicted and sentenced on that same day, April 10, 1970, for carrying a firearm in Case No. CRF–70–457. Defendant admitted he had been so convicted and the trial court therefore granted the application to revoke the suspended sentence.

Although there appear no errors in the record of the revocation proceedings, we must take notice that the defendant's conviction in Oklahoma County Case No. CRF–70–457 for Carrying a Firearm was reversed and remanded with instructions to dismiss on appeal by this Court on June 30, 1971. (487 P.2d 737)

Since the only reason for revocation was defendant's conviction in Case No. CRF–70–457, which has now been set aside, the record before us is now void of any admissible proof of misconduct or grounds to justify revocation. In re Collyar, Okl.Cr.,

476 P.2d 354. Accordingly, we are compelled on the basis of the record before us to conclude that the order of April 10, 1970, revoking defendant's suspended sentence in Case No. CRF–69–395 (Appeal No. A–16,066) and Case No. CRF–69–675 (Appeal No. A–16,064) must be set aside and reversed.

Reversed and remanded.

BRETT, J., concurs.

BUSSEY, P. J., dissents.