**Dennis Edward FREERI, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16832.**

Court of Criminal Appeals of Oklahoma.

April 9, 1973.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Dennis Edward Freeri, aka Dennis Edward Freer, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma, Case No. CRF–

70–2954, for the offense of Burglary, Second Degree, After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

As this case requires reversal, we deem it only necessary to recite the facts surrounding the arrest and search of the defendant's automobile.

At the trial, Officer Haskell W. Irwin testified that on October 9, 1970, he was employed as a police officer with the Oklahoma City Police Department. At approximately 3:15 a. m. he observed a green Chevrolet station wagon coming from behind Bert's Fina Station located on the southeast corner of 25th street and south May Avenue. This station wagon came out at an excessive rate of speed for the terrain. He stopped the vehicle and asked the defendant for his driver's license and identification. Upon finding the defendant possessed no state driver's license or identification, he issued the defendant two citations, one for no state driver's license and one for vagrancy. As Officer Irwin was questioning the defendant, he observed the defendant's wife in the backseat of the automobile and under her legs was a small television set. Officer Irwin, thereafter, radioed for assistance and requested that the owner of the service station be brought to the scene. The station owner, after arriving at the scene, observed that his station had been burglarized and a small television set was missing. He identified the television set in defendant's possession as the one missing from his station. The defendant was then placed under arrest for burglary second degree.

The defendant's first proposition asserts that the search was illegal and his motion to suppress should have been sustained. We agree.

█ On cross-examination of Officer Irwin the following questions were asked and the following answers were given:

"Q. All right. Now, at this time you stopped the Defendant in this case

you didn't know there had been a burglary, did you?

"A. No, sir.

"Q. And, in fact, after issuing the citations you didn't know there was a burglary, did you?

"A. No, sir.

Recross Examination

"Q. Now, could you tell the Court and jury how you saw this television set through this lady's legs? I assume she was wearing a dress; I don't know. Was she?

"A. *I opened the back door and looked in—*

"Q. You opened the back door?

"A. Yes.

"Q. Did the Defendant invite you to open the back door?

"A. No, sir.

\*        \*        \*        \*        \*        \*

"Q. He did not ask you to render any assistance?

"A. He didn't ask me, no; but I opened the back door and the lady was, like I said, was sitting loosley. I think she was up in this kind of position. I didn't know what kind of condition she was in. He said that she had just come from behind, the restroom, and she was sickly or sick."

In the case of Thompson v. State, Okl.Cr., 487 P.2d 737 (1971), this Court in quoting from the case of Lawson v. State, Okl.Cr., 484 P.2d 1337 stated:

"On arrest for a traffic violation there is no lawful predicate for a search of the driver or the vehicle absent special circumstances where the officer has probable cause to search the area in which the arrestee may reach for a weapon or to destroy evidence of the crime for which he is arrested. A search exceeding these limits is constitutionally unreasonable and the fruits thereof inadmissible."

Also, this Court held in the Syllabus:

"Search of an automobile without a search warrant and not as an incident of a lawful arrest, and not on any probable cause of the commission of a felony, but on mere suspicion, violates the constitutional provision forbidding unreasonable searches or seizures, and evidence obtained by such a search is inadmissible."

 In the instant case we believe the actions of the police officer in opening the back door of the defendant's automobile was a search. As the police officer did not have a search warrant nor did the officer have any probable cause to believe a felony had been committed, we therefore conclude that the search of defendant's vehicle exceeded the limits of a warrantless search incident to a traffic violation and was therefore unlawful.

Reversed and remanded.

BUSSEY, J., concurs.

BLISS, P. J., dissents.