Ronald Lee PHIPPS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–617.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1974.

## OPINION

BUSSEY, Judge:

Appellant, Ronald Lee Phipps, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Okmulgee County, Case No. CRF–73–41, for the offense of Larceny of an Automobile, in violation of 21 O.S., § 1720. On November 2, 1973, he entered a guilty plea to the charge and was sentenced to three (3) years imprisonment which was suspended.

Subsequently, an application to revoke the suspended sentence was filed by the District Attorney of Okmulgee County alleging that defendant had committed the offense of attempted burglary and had been charged in Okmulgee County for that offense. A revocation hearing was held on February 28, 1974 on the State's Application to Revoke the Order suspending judgment and sentence. The trial court took the case under advisement. On March 14, 1974, the defendant was tried for the offense of Attempted Burglary which resulted in a mistrial and the charges ware later dismissed for insufficient evidence. On March 18, the trial court sustained the State's Application to Revoke the defendant's sentence. From the Order of Revocation the defendant has perfected a timely appeal to this Court.

At the hearing Ted Jacobs testified he was the manager of the Safeway Store located at 420 East 8th Street in Okmulgee, Oklahoma. On December 10, 1973, shortly after midnight he was called to the store by the police. Upon arriving he found a hole approximately 12″ to 14″ x 18″ in size chopped through the roof of a back room of the store. When he closed the store earlier that day the hole had not been there.

R. Richard Hutton, Henryetta, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

Perry Rickman testified he was employed by the Okmulgee Police Department on December 10, 1973. At approximately 1:40 a. m. on that date he was dispatched to the Safeway Store located at 420 East

8th Street. He was advised that someone was on the roof of the store. He observed the defendant running across the street adjacent to the store. Another officer, Willie Jones, called for the defendant to halt. Upon defendant's failure to stop, Officer Jones fired a shot causing defendant to halt and sit down in the street. Finally Officer Rickman identified a double bitted axe that was found on the east side of the Safeway building.

James Hathaway testified he was employed by the Okmulgee Police Department on December 10, 1973. Upon arriving at the Safeway Store he observed a person slide off the roof on the east side of the building. When the person hit the ground he disappeared into the shrubbery on the east side of the store.

Fred Baker, Okmulgee Police Officer, testified that after the defendant's arrest he interviewed the defendant after first reading him his Miranda warnings. The defendant stated he understood his rights. He told Officer Baker that he had gone to the Safeway Store in an attempt to prevent one Patrick Frair and others from burglarizing the store because he knew Frair had been in trouble before. The burglary was planned by Patrick Frair and others, whose names he did not know, at defendant's apartment. He stated the defendant told him he was running toward one of the police officers to tell him why he was there but before he could·-reach the officer a warning shot was fired.

Roy Eugene Fields testified he was employed by the Okmulgee Security Patrol. He stated that on December 10, 1973, he was at the Safeway Store and observed the defendant run north on the east side of the building, turn and then go east. He momentarily lost sight of the defendant and the next time he saw him was when Officer Rickman apprehended him in the street. Witness Fields further testified he observed a second subject come out of the parking lot. The second person ran across Delaware Street, ran behind a residence, then turned and crossed 8th Street into a creek area.

After the hearing the trial court took the matter under advisement and thereafter the court sustained the State's application to revoke. From this order of revocation the defendant has perfected a timely appeal.

██ Defendant's first proposition urges the trial court's order revoking was not sustained by the evidence. The defendant's argument under this proposition is that since the charge of attempted burglary was dismissed for lack of evidence following a trial which resulted in a hung jury, the revoking judge was thereby precluded from revoking the defendant's suspended sentence. For authority the defendant cites Thompson v. State, Okl.Cr., 487 P.2d 740 (1971) and Hole v. State, Okl.Cr., 486 P.2d 645 (1971). In both of these cases the only evidence presented at the revocation hearing was a judgment and sentence on a conviction during a period each defendant was on probation for a prior offense. Subsequently, each conviction, the subject of the judgment and sentence admitted at the revocation proceeding, was reversed on appeal. This Court held the revocation being solely predicated upon the conviction, the judgment and sentence in evidence and that conviction being reversed, the order revoking the suspended sentence should be vacated as that order is not supported by the evidence. The instant case is clearly distinguishable from Thompson v. State, supra and Hole v. State, supra. A full hearing was conducted with the court receiving competent evidence that the defendant committed the crime of attempted burglary. In the case of Carson v. State, Okl.Cr., 493 P.2d 1397 at pages 1399–1400 (1972), Judge Simms specially concurring stated:

"(1.) Hearing on revocation may be held prior to trial on an indictment or information for the same act or acts;

"(2.) Hearing on revocation is not a criminal trial; and,

"(3.) The quantum of proof necessary to revoke a suspended sentence is by *a preponderance of the evidence and*

*not beyond reasonable doubt.*"
(Emphasis ours)

Also see, Knight v. State, Okl.Cr., 506 P.2d 927 (1973) wherein this Court stated at page 931 of the official opinion:

"It makes no difference that the subsequent offenses were not prosecuted to a conviction. The evidence of intoxication alone was sufficient ground for revocation of the sentence. See Carson v. State, Okl.Cr., 493 P.2d 1397 (1972)."

It is therefore our opinion that the revocation of the defendant's suspended sentence, notwithstanding the fact that the attempted burglary charge was dismissed and never pursued to a final conviction, was based on competent evidence presented to the trial court and the evidence presented met the required quantum of proof "by a preponderance of the evidence." See, Kern v. State, Okl.Cr., 521 P.2d 412 (1974). We therefore find no merit to this proposition.

■ Defendant's final proposition asserts the revocation of the entire three year sentence is excessive. Title 22 O.S. 1971, § 991b provides that the revoking court may revoke a portion of the sentence and leave the remaining part not revoked, but suspended for the remainder of the term of the sentence, and under the provisions applying to it. It therefore appears that whether or not the revoking court revokes in whole or in part is left to the sound discretion of that court.

■ This Court has held on numerous occasions that the question of whether a probation or a suspended sentence is granted is a matter of discretion with the trial court and in absence of an abuse of that discretion the trial court's ruling will not be overturned. See Sargent v. State, Okl. Cr., 509 P.2d 143 (1973). We find no such abuse in the instant case.

It is therefore the opinion of this Court that the trial court's Order Revoking defendant's suspended sentence should be, and the same hereby is, affirmed.

BLISS, P. J., and BRETT, J., concur.