FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DONALD L. HUGHART,

    Petitioner - Appellant,

v.

WILLIAM RANKINS,

    Respondent - Appellee.

No. 24-7004
(D.C. No. 6:19-CV-00329-RAW-DES)
(E.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Donald L. Hughart, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

### I.  BACKGROUND

In 2003 and 2011, Hughart was convicted of felony offenses in Oklahoma state court.  His sentence for the 2003 conviction was commuted in 2008 to a 30-year suspended sentence.  He received a 20-year suspended sentence for the 2011 conviction.

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Both suspended sentences were subject to certain rules and conditions of supervised probation, one of which was that Hughart would refrain from violating any laws.

In 2017, Hughart was charged in Oklahoma state court with felony domestic assault and battery, second and subsequent. Based on this charge, the State applied for revocation of the suspended sentences. The state district court held a hearing at which the victim testified about the incident. The court granted the State's applications, revoked the suspended sentences in full, and ordered that they run concurrently. Several months later, the State dismissed the domestic assault and battery charge. Hughart filed a counseled appeal of the revocation ruling, raising three issues, none of which involved the matter on which he would later seek federal habeas relief.[1] The Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

Hughart then filed a pro se application for post-conviction relief ("APCR"), arguing that the State's dismissal of the domestic assault and battery charge deprived him of his right to prove his innocence to a jury. The state district court denied relief, holding that to the extent Hughart had already raised the issue before the OCCA, it was procedurally barred because "[i]ssues that were previously raised and ruled upon by [the OCCA] are procedurally barred from further review under the doctrine of *res judicata*,"

---

[1] The issues were whether (1) the trial court violated Hughart's due process rights by predetermining it would fully revoke his 20-year suspended sentence instead of considering a partial revocation; (2) he was denied due process when the trial court based the revocation determination on matters not alleged in the State's application to revoke; and (3) the trial court abused its discretion in basing revocation on evidence not pertinent to the revocation application and instead relied on matters raised in a previous revocation application.

*Logan v. Oklahoma*, 293 P.3d 969, 973 (Okla. Crim. App. 2013). The state district court also held that to the extent the claim of error was not previously raised and ruled on, it was barred by waiver under *Logan*, which explained that under Okla. Stat. tit. 22, § 1086, "issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review," 293 P.3d at 973.[2] Hughart did not appeal.

Hughart next filed a second APCR raising essentially the same argument as his first APCR. The state district court again denied relief based on res judicata and waiver. Hughart did not appeal.

Hughart then filed a third APCR. He raised the same due process argument as in his first and second APCRs, but he added two claims: (1) revocation counsel provided constitutionally ineffective assistance by not objecting to the State's dismissal of the domestic assault and battery charge, and (2) appellate counsel was constitutionally ineffective in not raising the State's dismissal of that charge as an issue in the revocation appeal. The state district court determined that res judicata barred consideration of the due process claim and that the ineffective assistance claims were waived.

---

[2] Section 1086 provides:

All grounds for relief available to an applicant under the Post-Conviction Procedure Act, including claims challenging the jurisdiction of the trial court, must be raised in his or her original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.

Hughart appealed the denial of his third APCR. The OCCA affirmed, concluding that all issues were either barred by res judicata or waived for failure to raise them on direct appeal or, with regard to his appellate ineffectiveness claim, in his first APCR as § 1086 requires.

Hughart then filed his pro se habeas petition. He raised three grounds for relief that largely mirrored those in his third APCR. The State responded, raising procedural default as an affirmative defense. Under the procedural default doctrine, federal courts are precluded from "consider[ing] issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (internal quotation marks omitted).

In its decision, the federal district court first explained that although Hughart's petition nominally invoked 28 U.S.C. § 2254, the petition was properly construed as one arising under 28 U.S.C. § 2241 because his claims challenged the execution of his sentence. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017) ("A state prisoner's challenge to the revocation of a suspended sentence is properly brought under § 2241 . . . ."). The court also construed the petition as seeking relief from only the revocation of the 30-year suspended sentence because Hughart represented he had completed the 20-year sentence during the pendency of his § 2241 action.

Turning to the petition's substance, the district court enforced the procedural default. The court noted Hughart had not disputed the independence or adequacy of the

4

state procedural grounds on which the OCCA had denied his claims. And the district court pointed out that this court has concluded those grounds are both independent and adequate (with an exception inapplicable to Hughart's case). *See Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) (explaining that the bar to claims raised in an APCR that could have been raised on direct appeal, other than ineffective assistance claims, is both independent and adequate); *Moore v. Reynolds*, 153 F.3d 1086, 1097 (10th Cir. 1998) (holding that § 1086's bar to claims raised in a second or subsequent APCR that could have been brought in an initial APCR is both independent and adequate).

The district court then addressed whether Hughart could overcome the procedural default by demonstrating either cause and prejudice or a fundamental miscarriage of justice. The court rejected Hughart's assertion that his appellate counsel's failure to assert his due process claim on direct appeal constituted cause for the default of that claim because the ineffective assistance claim itself was procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that an ineffective assistance claim asserted to excuse default must not be procedurally defaulted itself). The court also observed that Hughart had only indirectly advanced a fundamental miscarriage of justice argument by alleging, in the context of his due process claim, that he planned to prove at trial that he was innocent of the domestic assault and battery charge. The court concluded, however, that even if the fundamental miscarriage of justice exception applied, Hughart had not supplemented his constitutional claims "'with a colorable showing of factual innocence,'" R. vol. I at 830 n.5 (quoting *Herrera v.*

5

*Collins*, 506 U.S. 390, 404 (1993)), as required under the exception. Accordingly, the court denied the petition, denied a COA, and entered judgment.

Hughart then filed two motions for reconsideration. In the first motion, Hughart reiterated his argument that appellate ineffectiveness served as cause to excuse the procedural default of his due process claim. The district court construed the motion as arising under Federal Rule of Civil Procedure 59(e) and as raising a new due process claim based on appellate ineffectiveness. The court denied the motion because raising a new claim is not a ground for relief under Rule 59(e).

In the second motion for reconsideration, Hughart asked the district court to reconsider its denial of two earlier motions in which he asked the court to allow him to add a jurisdictional claim related to *McGirt v. Oklahoma*, 591 U.S. 894 (2020), and to supplement his appellate ineffectiveness claim with an assertion that appellate counsel was ineffective in failing to investigate or advance a *McGirt* claim in the appeal of the revocation ruling.[3] The court had denied those motions because Hughart's *McGirt* arguments challenged the validity of his conviction or sentence, not the execution of his sentence, and therefore must be brought under § 2254, not § 2241. *See* R. vol. I at 5 (ECF No. 39; text-only minute order). The district court construed the second motion for reconsideration as arising under Federal Rule of Civil Procedure 60(b) and denied it because it did not meet any of Rule 60(b)'s requirements. The court again denied a COA.

---

[3] In *McGirt*, the Supreme Court held that land promised to the Muscogee Nation in the 19th century remains an Indian reservation, and therefore the right to prosecute Indians for crimes committed on the reservation rests with the federal government or the Tribe, not with the State of Oklahoma. *See* 591 U.S. at 897–99.

6

## II.  DISCUSSION

To obtain appellate review of the denial of a § 2241 petition, "a state prisoner must obtain a COA." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).  Under 28 U.S.C. § 2253(c)(2), a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Where, as here, a district court denies relief on a procedural ground without reaching the merits, a petitioner satisfies the COA standard by showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Each component of [this] showing is part of a threshold inquiry . . . ." *Id.* at 485.  Thus, if a petitioner cannot make a showing on the procedural issue, we need not address the constitutional component. *See id.*  We afford Hughart's pro se filings a liberal construction, but we may not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In his COA application, Hughart first contends the district court erred in finding his claim of appellate ineffectiveness procedurally defaulted.  But his contention is conclusory, failing to identify any error in the district court's procedural ruling.  We have independently reviewed that ruling and conclude that reasonable jurists would not debate its correctness.

Hughart next argues the district court misconstrued the argument he advanced in his first motion to reconsider as an attempt to add a due process claim to his petition rather than as an attempt to demonstrate appellate ineffectiveness.  We conclude that any

7

mischaracterization by the district court was harmless. In the first motion to reconsider, Hughart argued that in the revocation appeal, appellate counsel should have raised "an additional due process claim" based on *Stoner v. State*, 566 P.2d 142 (Okla. Crim. App. 1977).[4] R. vol. I at 833–34. Even if the district court had construed this argument as another attempt to demonstrate appellate ineffectiveness in the revocation appeal, either as a stand-alone claim or as cause to excuse the defaulted due process claim, the denial of Rule 59 relief would have been proper for at least two reasons: (1) a Rule 59(e) motion is not a proper means to advance arguments that could have been raised earlier, *see Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); and (2) the new claim concerns the merits of a procedurally defaulted claim of appellate ineffectiveness, and he has never attempted to show cause for that default.

Hughart also seeks to "add" an argument that because he is actually innocent of the domestic assault and battery charge, the failure to consider his claims on the merits

---

[4] In *Stoner*, the OCCA held that a trial court erred in revoking a suspended sentence based *solely* on the defendant's admission that he had been convicted on a later offense that had not become final. *See* 566 P.2d at 143. In contrast here, the state district court found Hughart had committed domestic assault and battery based on the victim's testimony. *See Tilden v. State*, 306 P.3d 554, 556 (Okla. Crim. App. 2013) ("Alleged violations of conditions of a suspended sentence need be proven only by a preponderance of the evidence."). Hughart cites two other cases in his COA application as support for his appellate ineffectiveness claim, but both are readily distinguishable. In *Hole v. State*, 486 P.2d 645, 645 (Okla. Crim. App. 1971), the OCCA reversed because, as in *Stoner*, the trial court had revoked a suspended sentence based solely on a non-final conviction. This did not occur in Hughart's case. And in *Linscome v. State*, 584 P.2d 1349, 1350 (Okla. Crim. App. 1978), the OCCA reversed a revocation based on a non-final conviction where the revocation judge had heard evidence on that conviction in another hearing earlier the same day but the parties had not stipulated to that evidence in the revocation proceeding. Here, the district court heard evidence in the revocation proceeding itself.

would result in a fundamental miscarriage of justice. COA Appl. at 4. Because he did not raise this argument in his habeas petition, "it is waived on appeal," *Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015).[5]

Hughart contends the district court abused its discretion in denying his motion to amend his petition to add a *McGirt* claim and his motion for reconsideration of that denial. Reasonable jurists would not debate the district court's conclusion that Hughart had to raise his *McGirt* claim in a § 2254 petition, not his § 2241 petition. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citation omitted)).[6]

---

[5] Even if Hughart has not waived a fundamental miscarriage of justice argument, he has never made a colorable showing of actual innocence. *See Herrera*, 506 U.S. at 404 ("The fundamental miscarriage of justice exception is available only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence." (internal quotation marks omitted)). At most he has argued legal innocence under *Stoner* and the other cases discussed in footnote 4, *supra*. That is insufficient. *See Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012) (explaining that "to demonstrate a fundamental miscarriage of justice, a defendant must make a showing of factual innocence, not legal innocence").

[6] Relatedly, Hughart asks us to authorize the filing of a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring a circuit court to authorize the filing of a second or successive § 2254 petition). But because the instant petition is properly treated as one arising under § 2241, it does not serve as a first § 2254 petition. We therefore deny Hughart's request for authorization without prejudice to filing a proper motion for authorization (addressing the § 2244(b)(2) requirements) if he has in fact already filed a § 2254 petition regarding his convictions or sentences.

Finally, Hughart asks for consideration of his claims on the merits because "no pro se applicant should be barred simply by mistakes made in filing procedures." COA Appl. at 4. But "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (brackets and internal quotation marks omitted). Accordingly, no reasonable jurist would debate the district court's application of procedural default merely because Hughart represented himself, either in state court or in this habeas proceeding.

### III. CONCLUSION

We deny a COA and dismiss this matter. We deny the requests within Hughart's COA application (1) for authorization to file a second or successive § 2254 petition and (2) to appoint counsel.

Entered for the Court

Gregory A. Phillips
Circuit Judge

10