OPINION OF THE COURT
Jones, J.
A prior acquittal based on the defense of entrapment in *480 a criminal proceeding collaterally estops the Board of Parole from revoking parole on the basis of the transactions proved and admitted in the criminal action.
Relator, a multiple felony offender, was on parole under concurrent sentences for robbery in the first degree and felonious possession of a weapon. On May 5, 1977 he was arrested on two indictments charging him with first degree criminal sale of a controlled substance, first and third degree criminal possession of a controlled substance and first degree conspiracy. On the same day he was served with a parole violation notice based on the same offenses, alleging that, by both possessing and selling heroin, he had violated general parole rule 12 which, in March, 1975, when relator was released on parole, provided: "I will not use, possess, or purchase any illegal drugs or use or possess those that have been unlawfully obtained.” (Formerly 7 NYCRR 1915.10, repeal filed Jan. 9, 1979.) After a jury trial in which relator interposed the affirmative defense of entrapment, he was acquitted on all counts. At the subsequent parole violation hearing relator, relying on the doctrine of collateral estoppel, contended that his acquittal in the criminal action constituted a complete defense to the charge of parole violation. The Parole Board rejected this contention and sustained both violations.
Relator then petitioned for a writ of habeas corpus. Supreme Court granted the writ, upholding relator’s defense under the doctrine of collateral estoppel. The Appellate Division reversed, holding the doctrine inapplicable. We now reverse and reinstate the judgment of Supreme Court.
To consider the application of the doctrine of collateral estoppel in this case a review of the proceedings below is necessary to an understanding of the procedural posture in which the case reaches us. At the parole revocation hearing the defense of collateral estoppel was advanced before the start of the evidentiary phase of the hearing as a "jurisdictional” bar to revocation of parole. The respective contentions of the relator and the Parole Division were pressed with some vigor. The arguments proceeded on the implicit assumption that the acquittal in the criminal action had indeed been in consequence of a jury determination that relator had established the affirmative defense of entrapment. At no point did the Parole Division contend or the Parole Board suggest that the acquittal was ambiguous or might have been based on a *481 failure of the People to meet their burden of proof rather than on the success of relator in proving his affirmative defense.[1] The Parole Board rejected the "jurisdictional” defense based on the doctrine of collateral estoppel in the following ruling: "the fact that there was a dismissal following a jury trial will not be treated as a bar to the statutory revocation proceedings in New York State because there is no legal precedent for such.”
The board and counsel then proceeded to the evidentiary stage of the hearing. The Parole Division introduced the testimony of the undercover police officer and that of relator on the criminal trial. Counsel for relator stood on his "jurisdictional” position based on collateral estoppel and offered no evidence. As indicated, the board sustained the violations and stated: "No evidence was presented to support the defense of entrapment, and entrapment was therefore not considered.” There is nothing to suggest that the decision of the Board of Parole did not proceed on the implicit assumption that the acquittal in the criminal action was based on the affirmative defense of entrapment; the board rather held that it would not recognize a defense based on such an acquittal in the absence of applicable precedent in New York State.
The handling of the case by Supreme Court on the petition for the writ of habeas corpus confirmed this analysis. That court, after reciting the facts of relator’s indictment and the finding of not guilty on all counts, explicitly stated, "It is agreed that the acquittal was the result of the affirmative defense of entrapment”, and concluded that such acquittal constituted a defense to parole revocation under the doctrine of collateral estoppel. Nowhere does the Attorney-General as counsel for respondents now disavow that agreement or press the contention in our court that the acquittal might reflect only a failure of the People to have met their burden of proof beyond a reasonable doubt in the criminal trial.
Accordingly, for the purposes of the disposition of the present appeal we take it as established that the acquittal in the criminal action did indeed constitute a determination that relator had proved the affirmative defense of entrapment by a *482 preponderance of the evidence (Penal Law, § 25.00, subd 2; § 40.05).
We turn then to a brief consideration of the doctrine of collateral estoppel. That the doctrine, an aspect of the broader doctrine of res judicata, is applicable to criminal cases is not disputed (see Matter of McGrath v Gold, 36 NY2d 406, 411; cf. Ashe v Swenson, 397 US 436, 443). Both courts below agreed that, if the prerequisites to its invocation were met, the doctrine would be applicable to parole revocation proceedings.[2] Several questions with respect to these prerequisites must be resolved, however, before it may be concluded that the doctrine is applicable to this case.
As to the identity of parties we encounter no difficulty in concluding, as did Supreme Court and as was not questioned by the Appellate Division, that for present purposes the People as prosecutors in the criminal action stood in sufficient relationship with the Division of Parole in the parole proceeding to meet the requirements of the doctrine in this respect. (Cf. Sunshine Coal Co. v Adkins, 310 US 381, 402-403; Matter of Finn’s Liq. Shop v State Liq. Auth., 24 NY2d 647, 662.)
With respect to identity of issues, as stated above the criminal acquittal in this case constituted a conclusive finding that relator’s conduct was induced by entrapment. The fact that the objectives of the criminal prosecution and of the parole revocation hearing may be differentiated — the one described as punitive and the other as remedial (Gagnon v Scarpelli, 411 US 778, 783-784) — is irrelevant for the purpose of application of the doctrine of collateral estoppel in this case. Our resolution of this appeal is not predicated on an application of relator’s constitutional protection against double jeopardy — as to which a punitive nature of the second proceeding against him would be crucial (Helvering v Mitchell, 303 US 391, 399); we are here applying the substantive rule of collateral estoppel which springs from res judicata *483 principles, by which a determination in a prior criminal prosecution of a question necessarily involved in a subsequent proceeding may be conclusive, even though the second proceeding seeks some objective which is other than punitive (One Lot Emerald Cut Stones v United States, 409 US 232, 234-23G).[3] The situation may perhaps be best understood as one of "issue preclusion” (Matter of American Ins. Co. [.Mes-singer — Aetna Cas. & Sur. Co.], 43 NY2d 184, 189, n 2), for the application of which it is of no significance how different in nature the parole revocation proceeding may be thought to be. The result turns on the circumstance that, having been afforded "a full and fair opportunity to contest” the claim that relator’s possession and sale of the drugs was induced by the conduct of the law enforcement officials in the criminal action, the People are thereafter bound in any proceeding brought against relator by the adverse factual determination made in the criminal action (cf. Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71). That being so, any difference in objectives of the two proceedings provides no basis for nonapplication of the doctrine of collateral estoppel.
But that does not end our consideration of this aspect of our inquiry. As conceded by counsel for relator, "a majority of American jurisdictions which have passed on the issue have held that an acquittal in a criminal proceeding does not bar revocation of parole or probation on the underlying charge”. (See Acquittal in Criminal Proceeding as Precluding Revocation of Parole on Same Charge, Ann., 76 ALR3d 578; Acquittal in Criminal Proceeding as Precluding Revocation of Probation on Same Charge, Ann., 76 ALR3d 564.) Some of these decisions appear not to have involved a collateral estoppel analysis but rather to have been based on conclusions that there is a significant difference in the nature of criminal actions and parole revocation proceedings and that the actions of the parole authorities in the latter were not arbitrary or capricious. Where collateral estoppel arguments have been advanced, reference is made to the different levels of proof involved in the two proceedings. It is accurately asserted in *484 those cases that an acquittal in a criminal trial establishes only the failure of the People to have proved the defendant’s guilt beyond a reasonable doubt. By pertinent contrast, this analysis continues, in parole revocation proceedings the People’s burden is of a significantly lesser quantum.[4] Thus, the fact that the People have not previously met the burden of proof beyond a reasonable doubt does not mean that they could not meet the lesser standard in the parole revocation proceeding.
For the purpose of the present appeal we do not need to subscribe to this analysis[5] or to resolve the issue it presents. It is dispositive to note that in this case the comparison of the burdens of proof is in the relator’s favor. In none of the cases cited for the proposition that the criminal acquittal does not bar parole revocation has this been so. In this instance it was the relator’s burden in the criminal action to establish his defense of entrapment by a preponderance of the evidence, and this he did. In the parole revocation proceeding he had no burden at all; it was the People who bore the burden of establishing the violation by satisfactory evidence. Accordingly, we agree with Supreme Court that, having succeeded under the greater relative burden, relator may now properly claim the benefit, in consequence of the application of the doctrine of collateral estoppel, of the jury’s finding that his conduct was induced by entrapment.
There remains the final issue, whether entrapment is a defense to an alleged violation of the provisions of general parole rule 12. That entrapment would constitute such a defense appears to have been assumed by Supreme Court and recognized at least to some extent by the Appellate Division (65 AD2d 293). The Attorney-General does not contend otherwise. We hold that entrapment is a defense to a charge of violation of rule 12. If the particular possession or sale of the drugs has been induced by the conduct of law enforcement officials, any standard of elemental fairness would dictate that possession or sale so induced may not be made the basis for revocation of parole.
For the reasons stated, the order of the Appellate Division *485 should be reversed, without costs, and the judgment of Supreme Court reinstated.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.

. Relator had freely admitted his own participation in the alleged transactions which formed the predicate for the charges of both possession and sale. Indeed it was largely on the basis of the introduction at the later evidentiary stage of the parole revocation hearing of relator’s own testimony containing such admissions that the board sustained the violations.

. Matter of Mummiami v New York State Bd. of Parole (5 AD2d 923, mot for Iv to app den 5 NY2d 709, mot for rearg den 7 NY2d 756, cert den 362 US 953) is the only case cited to us in which the courts of our State have been asked to consider the effect of an acquittal in the criminal action on a parole revocation based on the same conduct. In that case, decided before Ashe v Swenson (397 US 436, supra), People ex rel. Menechino v Warden, Green Haven State Prison (27 NY2d 376) and Morrissey v Brewer (408 US 471), no contention of preclusion in consequence of collateral estoppel appears to have been raised; the case was resolved on the standard that "the action of the board in finding a violation may not be said to be arbitrary or capricious” (5 AD2d 923).

. When the second proceeding is one which constitutes a second criminal trial or one which would lead to a second criminal punishment, the doctrine of collateral estoppel has been regarded as being swept into the Fifth Amendment guarantee against double jeopardy (Ashe v Swenson, 397 US 436, 445 supra). One Lot Emerald Cut Stones v United States (409 US 232, supra) makes it clear however that the doctrine has viability quite apart from the fact that it is also an ingredient of the Fifth Amendment guarantee against double jeopardy.

. For example, in New York State, the burden is only to prove the violation by "satisfactory evidence” (People ex rel. Warren v Mancusi, 40 AD2d 279, 283).

. For a case rejecting this analysis see People v Grayson (58 Ill 2d 260, cert den 421 US 994), also Standlee v Smith (83 Wn 2d 405, dissenting opn Utter, J.).