■ STANLEY SAUL, Respondent-Appellant, v MUTUAL REDEVELOPMENT HOUSES, INC., Appellant-Respondent, et al., Defendants.—Order, Supreme Court, New York County, entered April 17, 1980, modified, on the law, to dismiss those portions of the complaint which survive that order's partial grant of summary judgment dismissing certain portions of the complaint, and otherwise affirmed, with costs and disbursements to defendant-appellant corporation. In 1962, one Perl became a stockholder of and proprietary lessee in the co-operative low and moderate income housing development owned, under supervision of the city De-

partment of Housing Preservation and Development, by defendant corporation. Perl's proprietary lease contained a clause restricting acquisition of his stock and lease upon termination of the tenancy to the corporation or its nominee; in practice, nominees are those on a waiting list or members of a deceased proprietary tenant's family, so identified in annual income affidavits on file with the management. Plaintiff cross appellant, never listed as a member of Perl's family, and not on the waiting list, moved in with Perl in 1967, remaining till the latter's death in 1978. Rejected as Perl's successor, plaintiff sues in various causes of action to enjoin both defendant corporation and Perl's estate from transfer to anyone else, for specific performance of a contract of sale made by plaintiff with Perl's estate, and to declare his right to succeed Perl in proprietary tenancy. When plaintiff refused to vacate the apartment, a summary proceeding was commenced in Civil Court, where he raised the same contentions here advanced: Perl and he had lived as a family unit and he was the surviving member of the family; further, that he was the victim of discrimination because of his sexual orientation. Civil Court awarded defendant-appellant corporation a final judgment of possession. Appellate Term affirmed. The issues of fact as to entitlement to possession were the same before Civil Court as before Special Term, though the form of the proceeding may be different. (See *People ex rel. Dowdy v Smith,* 48 NY2d 477, 483.) In partially granting summary judgment to defendant corporation, Special Term properly found plaintiff collaterally estopped from relitigating the issue of the right to possession, at the same time improperly allowing a cause for money damage to survive. Such a claim could not be viable unless premised upon a right to possession, wrongfully withheld from plaintiff, and the affirmance at Appellate Term precludes that holding from being relitigated here. Summary judgment should have been granted *in toto* and the complaint dismissed in its entirety. (See *S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304-305.) Concur—Murphy, P. J., Ross, Markewich, Lupiano and Carro, JJ.