■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of James Eads, Jr., Respondent, v BAKER HALL, INC., Petitioner. — Determination and order unanimously annulled, without costs, and matter remitted to the State Division for further proceedings in accordance with the following memorandum: In this proceeding petitioner-respondent, Baker Hall, Inc. (Baker Hall) seeks to annul a determination of the State Division of Human Rights (dated Nov. 9, 1978) affirmed on August 21, 1979 by the appeal board which found that Baker Hall unlawfully discriminated against complainant, a black, because of his race and color "by denying him equal terms and conditions of employment by terminating him for alleged rule violation, whereas *** [a White employee, one Blattenberger] was merely suspended for a rule violation which was just as serious as the alleged violation by Complainant." The division ordered Baker Hall to re-employ complainant and awarded back pay from the date complainant was terminated to the date he declined or accepted the offer of reinstatement less any earnings or unemployment benefits received during that period. Complainant was hired by Baker Hall, a residential facility for delinquent boys, as a child care worker. His responsibilities at the time of the incidents giving rise to this proceeding entailed supervision of McPherson Cottage, the only high-security cottage at Baker Hall, which housed the most troublesome boys including a severe epileptic and two boys who had recently run away and stolen some food. Leslie Hollearn, a white child care worker, reported to her supervisors that on January 15, 1976 and again on January 17, 1976 she had seen complainant asleep on the job. On January 22, 1976, George Baksa, also white and a child care worker, reported that earlier that day he had seen complainant asleep while on duty. The supervisors relayed the reports of Hollearn and Baksa to the executive director, who, on January 22, 1976, without contacting complainant or giving him an opportunity to deny the charges, mailed him a letter terminating his employment. Complainant did not attempt to reach his employers but resorted directly to the union grievance procedure. After arbitration, the arbitrator found that complainant had been asleep on the job and determined that Baker Hall had fired him for good cause. Complainant filed a complaint with the State Division of Human Rights on February 19, 1976. On July 1, 1976, the division found probable cause and a hearing took place on four different days between January 25, 1977 and January 12, 1978. In his decision after the hearing the commissioner detailed the testimony of Hollearn and Baksa concerning the three occasions when they found complainant sleeping in McPherson Cottage but made no findings as to whether complainant was actually asleep on those occasions or whether such infractions would justify dismissal. The commissioner also summarized the evidence showing that on one occasion Michael Blattenberger, a white and also a child care worker, left three boys unattended in Michael Cottage and that for this infraction a two-day suspension was imposed. The determination of discriminatory termination was not predicated on any finding that complainant was not guilty of the charges or that the charges were not serious enough to warrant discharge (indeed, no such findings were made) but solely on the comparison between the sanctions imposed on Blattenberger, a white, and on complainant, a black, for what the commissioner considered to be equivalent infractions. We find that the record does not support the commissioner's determination of discrimination. At the outset we note that there is overwhelming evidence supporting the two material facts on which the commissioner made no findings: (1) that complainant was asleep on the job on three occasions,

and (2) that these rule violations were sufficiently serious to warrant discharge. The testimony of Hollearn and Baksa, which was detailed and specific, withstood lengthy cross-examination. Although he denies the charges, complainant concedes that he was caught sleeping on the job on a previous occasion. There is no contention by complainant and no suggestion in the record of any animosity or racial prejudice toward him on the part of Hollearn and Baksa. We note that during the hearing complainant did not contend and offered no evidence that the repeated infractions did not warrant dismissal, nor did the division so argue in its brief before us. The evidence concerning the special requirements of the McPherson Cottage assignment and the recent problems with some of the residents of that facility is uncontradicted. We observe that in the final stage of the grievance procedure the arbitrator after a hearing found "The evidence is convincing that he was sleeping on the three occasions which precipitated his discharge" and that "The acts of the grievant justify a discharge." In view of the strong evidence that, as found by the arbitrator, complainant was guilty of the charges of sleeping on duty and that under the circumstances his termination was justified, the commissioner's determination must stand on the finding that Blattenberger, a white, although guilty of an equally serious offense for which termination would have been appropriate, was not terminated but given a two-day suspension. There is a lack of any convincing proof on this point. The meager evidence concerning the Blattenberger incident showed that he committed the offense of leaving three boys unattended only once, that the cottage in which he left them, Michael Cottage, was not a high-security facility as was McPherson Cottage, and that he presented mitigating circumstances which resulted in the lighter sanction. In contrast, the proof is that complainant was found asleep on the job three times in eight days in a high-security facility, that he had been found sleeping on duty once before for which the executive director had reprimanded him, and that there were no mitigating circumstances. The commissioner's determination of a violation of the Executive Law (§ 296) based on discrimination in discharging complainant is not supported by substantial evidence and may not stand (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). The record and the commissioner's recitation of the evidence suggest, however, that there may be a basis for a determination that Baker Hall's handling of the charges against complainant (i.e., its failure to inform him of the charges against him and to give him an opportunity to refute them) was discriminatory. We therefore remit the matter for additional findings and for a determination on this point. We note, however, that reinstatement would not be a proper remedy. There is no merit to Baker Hall's argument that the delay in processing the case was so excessive as to divest the division of jurisdiction. While we agree that the lengthy period of time between the commencement of the hearing and the determination and order of the division is not satisfactorily explained, delay alone will not ordinarily operate to oust the division of jurisdiction absent some showing of substantial prejudice (see *Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818). Baker Hall has made no showing of prejudice. We reject Baker Hall's contention that because of the arbitrator's determination that complainant was dismissed for good cause the human rights proceeding should be dismissed under the doctrine of *res judicata. Res judicata* is not applicable here; the issues in each proceeding are different. The union grievance arbitration involved the question whether complainant was fired for good cause; the human rights proceeding, whether Baker Hall discriminated against complainant, a black, by disciplining him in a man-

ner different from that in which it disciplined its white employees. In view of our holding that there is a lack of substantial evidence to support the commissioner's determination of discrimination it is unnecessary for us to decide whether under the doctrine of collateral estoppel, the findings of fact of the arbitrator that complainant was sleeping on duty and that his infractions justified dismissal should be found to be conclusively established for the purposes of the human rights proceeding (see *Benstein v Birch Wathen School,* 51 NY2d 932; *People ex rel. Dowdy v Smith,* 48 NY2d 477; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). (Proceeding pursuant to Executive Law, § 298.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.