■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD SINGLETARY, Appellant, v STEPHEN DALSHEIM, as Warden of Ossining Correctional Facility, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a

judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered August 22, 1980, which denied the petition and dismissed the writ. Judgment affirmed, without costs or disbursements. Although the Court of Appeals has not yet passed upon the issue (see *People ex rel. Dowdy v Smith,* 48 NY2d 477, 484), the majority of appellate courts that have considered it have concluded that, at least where it has appeared that the acquittal was based upon the prosecution's failure to meet its burden of proof, the doctrine of collateral estoppel does not prohibit parole authorities from revoking parole when the parolee has been acquitted of criminal charges based upon the same conduct which underlies alleged violations of parole (see *Standlee v Rhay,* 557 F2d 1303; *Matter of Dunham,* 16 Cal 3d 63; *Standlee v Smith,* 83 Wn 2d 405; see, also, *Matter of Mummiami v New York State Bd. of Parole,* 5 AD2d 923; *Johnson v State,* 240 Ga 526; Acquittal in Criminal Proceeding as Precluding Revocation of Parole on Same Charge, Ann., 76 ALR3d 578; Acquittal in Criminal Proceeding as Precluding Revocation of Probation on Same Charge, Ann., 76 ALR3d 564; but see *People v Grayson,* 58 Ill 2d 260, cert den 421 US 994). The principal rationale for this conclusion, to which we fully subscribe, is that "the fact that the People have not previously met the burden of proof beyond a reasonable doubt does not mean that they could not meet the lesser standard in the parole revocation proceeding" *(People ex rel. Dowdy v Smith, supra,* p 484). In *Dowdy (supra,* p 480), the Court of Appeals held that where it is not disputed that the parolee's acquittal of criminal charges was based upon the jury's acceptance of his affirmative defense of entrapment, and not upon the People's failure to meet their burden of proof, the Parole Board was collaterally estopped "from revoking parole on the basis of the transactions proved and admitted in the criminal action." The rationale for this holding was expressed by the Court of Appeals as follows (p 484): "It is dispositive to note that in this case the comparison of the burdens of proof is in the relator's favor. In none of the cases cited for the proposition that the criminal acquittal does not bar parole revocation has this been so. In this instance it was the relator's burden in the criminal action to establish his defense of entrapment by a preponderance of the evidence, and this he did. In the parole revocation proceeding he had no burden at all; it was the People who bore the burden of establishing the violation by satisfactory evidence. Accordingly, we agree with Supreme Court that, having succeeded under the greater relative burden, relator may now properly claim the benefit, in consequence of the application of the doctrine of collateral estoppel, of the jury's finding that his conduct was induced by entrapment." However, in the case at bar, it does not appear that petitioner asserted any affirmative defense at his trial. Nor does he even suggest that the jury acquitted him for any reason other than the People's failure to have established his guilt beyond a reasonable doubt. Therefore, in accordance with the great weight of authority, we conclude that revocation of his parole is not barred by collateral estoppel. We also reject petitioner's contention that it was unconstitutional for the Board of Parole to hold the Parole Division to a burden of proof less than proof beyond a reasonable doubt (see *Morrissey v Brewer,* 408 US 471, 479, 480, 489). Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.