**Billy Ray MOORE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O-80-507.**

Court of Criminal Appeals of Oklahoma.

May 6, 1982.

Demetri Anastasiadis, Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

In 1973, in the District Court of Oklahoma County, Case No. CRF–72–2624, the appellant was given a suspended sentence of ten years following a conviction for Manslaughter in the First Degree. An application to revoke that suspension was filed on January 21, 1980, and amended on January 31, 1980. At the hearing of February 7, 1980, the appellant's sentence was revoked, and it is that revocation order which provides the basis for this appeal.

The application to revoke was based upon the following charges: Carrying a Firearm, After Former Conviction of a Felony, CRF–80–285; Assault With a Dangerous Weapon, After Former Conviction of a Felony, CRF–80–286; and Murder in the First Degree, CRF–79–3849. The murder charge, in CRF–79–3849, was dismissed, after the empanelling of the jury, upon the sustaining of the defense's demurrer to the evidence. This dismissal occurred prior to the revocation hearing.

The State's evidence at the revocation hearing included testimony that the victim's death was caused by a single bullet, discharged from close range, which lodged in her left chest cavity. The appellant was arrested at the scene where he was sitting next to the deceased's bleeding body. Scattered around at the scene were spent cartridges from a .22 pistol. The arresting officer removed a fully loaded .22 caliber pistol from the appellant's left front pants pocket. According to the officer, the appellant was intoxicated. Wilma Dean, a neighbor, heard gunshots at about 3 p. m. on the day of the homicide, after which she observed the appellant and the victim sitting on the porch. She returned to her home, heard an additional shot, and then saw the victim lying on the porch. The appellant then fired his gun at her. Further testimony established that the spent cartridge had been fired from the .22 caliber pistol taken from the appellant's possession at the scene.

The only issue for consideration on appeal is whether the introduction of evidence of the murder, which case had been dismissed when the appellant's demurrer to the evidence was sustained, was a violation of the prohibition against double jeopardy. This Court is urged to hold that a revocation of a suspended sentence cannot be based upon an offense for which the probationer has been exonerated through acquittal or some similar procedure. The appellant argues that jeopardy has attached to the issue of whether he is guilty of the murder of Carol Flutrell, and, therefore, that crime cannot be the basis of his revocation. However, it is noted that the appellant does not allege that jeopardy has attached to the remaining two bases for revocation, which are possession and assault with the firearm. Proof of those, he argues, was not sustained by sufficient evidence.

The appellant urges this Court to join those jurisdictions which have applied the doctrine of collateral estoppel to probation and parole revocations based upon evidence which previously resulted in acquittal. *People v. Grayson*, 58 Ill.2d 260, 319 N.E.2d 43 (1974), cert. denied, 421 U.S. 994, 95 S.Ct. 2001, 44 L.Ed.2d 484 (1975); *People ex rel.*

*Dowdy v. Smith*, 48 N.Y.2d 477, 423 N.Y. S.2d 862, 399 N.E.2d 894 (1979). However, we are unpersuaded that we should alter the course of our prior decisions. In *Phipps v. State*, 529 P.2d 998 (Okl.Cr.1974), a revocation of a suspended sentence was affirmed under the following facts: There was a revocation hearing, but no ruling, on February 28, 1974; the appellant was tried for attempted burglary, in which a mistrial resulted on March 14, 1974, and the charges were later dismissed for insufficient evidence; four days after the trial, on March 18, the trial court sustained the application for revocation. In that case, as in the one at bar, a hearing was held in which the State proved, by a preponderance of the evidence, that the probationer had violated the terms of his suspended sentence. This Court held, "It is therefore our opinion that the revocation of the defendant's suspended sentence, notwithstanding the fact that the attempted burglary charge was dismissed and never pursued to a final conviction, was based on competent evidence presented to the trial court and the evidence presented met the required quantum of proof 'by a preponderance of the evidence.'" (citations omitted) *Phipps v. State*, supra, at 1001.

Furthermore, in this holding we join the majority of those jurisdictions which have addressed this issue. *Standlee v. Rhay*, 557 F.2d 1303 (9th Cir. 1977); *In Re Dunham*, 16 Cal.3d 63, 127 Cal.Rptr. 343, 545 P.2d 255 (1976); *In Re Coughlin*, 16 Cal.3d 52, 127 Cal.Rptr. 337, 545 P.2d 249 (1976); *State v. Jameson*, 112 Ariz. 315, 541 P.2d 912 (1975); *Russ v. State*, 313 So.2d 758 (Fla.1975), cert. den. 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250.

We find that the following statement is a precise characterization of this issue:

A revocation hearing on a suspended sentence is unique to most criminal hearings. This hearing is an exercise of the court's supervision over a probationer. The court maintains continuing jurisdiction via a judgment and sentence which imposes subsequent conditions upon defendant's freedom, conditions to which defendant agrees to abide. There is no adjudication of guilt or innocence upon the court's entry of its order upon an application to revoke. The court has only made a factual determination involving the existence of a violation of the terms of the suspended sentence. The consequence of judicial revocation is to execute a penalty previously imposed in the judgment and sentence. *Marutzky v. State*, 514 P.2d 430 at 431 (Okl.Cr.1973).

The issue, which the appellant alleges the State was collaterally estopped from relitigating, is not whether the evidence was sufficient to sustain a conviction for murder. The issue is whether the preponderance of evidence indicated that the probationer had violated the terms of his suspended sentence within the framework of the three charges alleged. There is no question of jeopardy, and our review of the record persuades us to affirm the decision of the trial court.

The order revoking appellant's suspended sentence is affirmed.

BUSSEY and CORNISH, JJ., concur.