OPINION OF THE COURT
Robert E. Fischer, J.
Relator is in custody of the Broome County Sheriff pursuant to a detainer warrant filed by an officer of the Board of Parole (Parole). He has petitioned for a writ of habeas corpus for release from custody. Although relator raises various issues concerning past and prospective proceedings before the Parole Board, his underlying contention is one of illegal detention. Since this is the historical and traditional function of the writ (US Const, art I, § 9; NY Const, art I, § 4; Matter of Morhous v Supreme Ct. of State of N. Y., 293 NY 131, 135), it “must take precedence over considerations of procedural orderliness” (People v Schildhaus, 8 NY2d 33, 36; see, also, People ex rel. Keitt v McMann, 18 NY2d 257, 262). Thus, while it might be more orderly to concern ourselves with past or prospective acts of Parole as urged by the relator, we do not view the writ in this setting either as an injunctive mechanism, or a certiorari proceeding to review the preliminary hearing already held. Since we concern ourselves solely with the *513 legality of the present detention of relator — leaving those other issues to any further proceedings Parole might wish to bring — we decline to entertain relator’s suggestion of injunction and deny Parole’s oral motion to convert this habeas corpus proceeding to one for CPLR article 78 review. Since we deem this writ to be the proper vehicle to address relator’s detention, we dismiss the objections in point of law raised by Parole and dismiss the first affirmative defense.
The underlying facts are undisputed, and reveal that relator was released on parole on August 5, 1982. As a parolee, he was then in the legal custody of the State Division of Parole (Executive Law, § 259-i, subd 2, par [b]). In consideration for his parole, relator on August 4, 1982, had executed (under the name of John L. Walker — apparently an additional name for this relator) a form entitled “Conditions of Release”, one of which reads, in part: “8. I will not behave in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment”.[1]
On August 28, 1982, relator was arrested and charged with criminal possession of a forged instrument in the third degree, a class A misdemeanor, in violation of section 170.20 of the Penal Law. The parole officer was notified that day of the arrest by the Binghamton Police Department and investigations were undertaken by both departments, with relator executing a written statement of his version of the facts for the police and responding to an oral interview by Parole. By felony complaint sworn to August 30, 1982, relator was formally charged with criminal possession of a forged instrument in the second degree, a class D felony, in violation of section 170.25 of the Penal Law as follows: “That on or about the 28 day of August, 1982, in the City of Binghamton, Broome County, New York, the said Defendant with knowledge that it was forged and with intent to defraud, deceive, or injure another, he possessed a forged instrument, to wit, on or about the above mentioned date, the defendant did possess a forged check #436, drawn *514 on the account of Rosemarie E. Peed at the First City Bank, Binghamton. While at the Grand Union Food Store at 33 W. State St., Binghamton, the defendant did attempt to purchase $32.16 worth of groceries by presenting the check which was written as made payable to the Grand Union in the amount of $62, all contrary to the provisions of the statute in such case made and provided.”
The following day Parole lodged.the warrant pursuant to which relator is being detained whereupon relator was served with a formal “Notice of Violation” of parole, which charged: “Charge #1: The parolee has behaved in such a manner as to violate the provisions of the law in that he did on 8/28/82 at Binghamton, NY possess a forged check #436, and in the amount of $62, this check drawn on the account of Rosemary Reed and did attempt to present this check written as payable to the Grand Union, for the purpose of attempting to purchase $32.16 worth of groceries this behavior of the parolee’s part being contrary to release agreement rule #8.”
A preliminary hearing on the parole violation, timely scheduled (Executive Law, § 259-i, subd 3, par [c]), was held in the Broome County Jail, with relator being represented by the Public Defender. After initially advising relator of the nature of the proceeding the hearing office read into the record both Rule No. 8 which was allegedly violated (above quoted), and the specific factual charge of violation (also quoted above), to which relator pleaded “not guilty”. Statements were then adduced from the parole officer and the complainant with the relator’s explanation of events being afforded by the former. The hearing officer concluded that “the-facts do sustain probable cause” and directed that relator be held (see Executive Law, § 259-i, subd 3, par [c], cl [vi]). By report dated September 17, 1982, the area supervisor for the Division of Parole and the parole officer reviewed the charge of violation, the facts in support, the relator’s statement, the finding of probable cause, the history of parole supervision and recommended that relator be declared delinquent as of his August 28 arrest, scheduled for a final parole hearing,[2] and ordered returned *515 to a State correctional facility “unless the parole violation is dismissed at the final hearing”.
On September 22, 1982, a Grand Jury of this court reviewed the evidence in support of the felony complaint.[3] After determining that the “evidence before it was not legally sufficient to establish that [relator] committed such crime or any other offense” the Grand Jury found that the charge should be dismissed and recommended the court release the defendant. Relator being then detained on the parole warrant, on application made October 6, 1982, we directed that he be retained in this jurisdiction pending our determination of his petition for release from custody.
During argument of this matter, counsel for relator urged the applicability of the principles stated in People ex rel. Dowdy v Smith (48 NY2d 477) with particular emphasis on collateral estoppel (supra, at pp 482-483) and the varying proof burdens in the proceedings while counsel for Parole urged that such principles were inapplicable.
While those arguments might bear on any further proceedings to be undertaken, we are concerned here with the legality of relator’s present incarceration under the detainer warrant. From this perspective we look solely to the charge of violation of parole purporting to support the warrant.
The warrant was properly lodged. A felony complaint had been filed against relator, and in such circumstances, action by Parole was required: “If a releasee is arrested for a felony and held for court action, a warrant for retaking and temporary detention shall be filed against him” (9 NYCRR 8004.2 [d] [2]; emphasis supplied).
As noted, the charge in support of the parole violation had asserted the facts of the alleged crime, and recited that such criminal conduct was contrary to Rule No. 8 of the release agreement; and at the preliminary hearing held by Parole “probable cause” for violation was found. However, *516 the Grand Jury thereafter determined that the facts presented were insufficient to establish that relator committed the crime charged or any offense, thereby presenting the question of whether Parole may detain the relator on a factual predicate of criminal violation warranting “a penalty of imprisonment” when the Grand Jury has determined that the evidence was not legally sufficient to establish his commission of such crime or any other offense.[4]
As we view the proposition, once the Grand Jury determined that relator would not be charged with a violation of the Penal Law — or any violation warranting “a penalty of imprisonment” — the violation of law asserted as the foundation for the detention warrant no longer existed. In our society the Grand Jury is the institution which initially determines whether a .person may be “held to answer” for the crime charged (NY Const, art I, § 6), and its declaration is final absent court order permitting further consideration (CPL 190.75, subd 3).
If “prosecutors and Judges are not privileged to substitute their judgment for that of the Grand Jury” (People v Dykes, 86 AD2d 191, 195), it is apparent that the Division of Parole is not privileged to detain relator for a violation of law which might subject him to imprisonment, when the Grand Jury has found otherwise.
In reaching such conclusion, we do not mean to infer that other or different rule violations cannot be asserted. Nor do we mean to preclude the Parole Board from engaging in any administrative action legally available under the circumstances. As earlier indicated, we address solely the issue of relator’s detention on the factual issue presented, and conclude that such detention, once lawful under the warrant, is now unlawful due to the intervening Grand Jury action. The warrant of detention must, therefore, be vacated, the writ granted and relator discharged from the custody of the Broome County Sheriff.
The warrant is vacated, the writ is granted, and relator is ordered discharged from the custody of the Broome County Sheriff forthwith.

. The remainder of this condition — “nor will my behavior threaten the safety or well-being of myself or others” — has not been relied upon by Parole and will therefore not be further considered.

. Revocation hearing^- must be scheduled within 90 days of probable cause determination (Executive Law, § 259-i, subd 3, par [f], cl [i]).

. We review the Grand Jury minutes in camera and comment only that full exposition of the facts was had before that body. The minutes will be filed with the county clerk in a sealed envelope, not to be opened except by further order of this court, or in the appellate process.

. The Dowdy case (supra) differs in its factual setting since the rule therein allegedly violated was not keyed to statutory violations but to drug purchase or possession per se (People ex rel. Dowdy v Smith, 48 NY2d, at p 480).