■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ACEVEDO, Appellant.—Judgment affirmed. Memorandum: Defendant appeals from a judgment of the Supreme Court convicting him of robbery in the first degree and criminal possession of a weapon in the third degree stemming from his participation in the robbery of William Nello on December 27, 1981 in the City of Buffalo.

Defendant was also indicted for the separate and unrelated robbery of Mark Jakiela, which allegedly occurred at a gas station in the same area and at approximately the same time as the Nello robbery. Defendant was tried for the Jakiela robbery and acquitted. At defendant's trial for the Nello robbery, Jakiela testified to defendant's presence at the gas station, placing him in the vicinity of the Nello robbery close to the time it occurred. Defendant objected and claimed that, as a result of the prior acquittal, Jakiela's testimony was inadmissible on the ground of collateral estoppel.

We hold that the doctrine of collateral estoppel is inapplicable under the facts presented and that the court, therefore, did not err in allowing Jakiela to testify at defendant's trial for the robbery of Nello.

If an issue of ultimate fact has once been determined by a final judgment in a criminal case, the same issue cannot be relitigated between the same parties in a later prosecution (see, Ashe v Swenson, 397 US 436, 443; United States v Gugliaro, 501 F2d 68, 70). The burden is on the defendant to show that the jury's verdict in the prior trial necessarily decided that issue raised in the second prosecution (see, United States v King, 563 F2d 559, 561, cert denied 435 US 918; United States v Gugliaro, 501 F2d 68, 70, supra). This casts upon a defendant who has been acquitted in a criminal case "a most difficult burden since it usually cannot be determined with any certainty upon what basis the previous jury reached its general verdict." (United States v Gugliaro, 501 F2d 68, 70, supra; see also, United States v Seijo, 537 F2d 694, 697, cert denied 429 US 1043; People v Berkowitz, 50 NY2d 333, 346 ["[I]t will normally be impossible to ascertain the exact import of a verdict of acquittal in a criminal trial."]) Where a previous judgment of acquittal was based on a general verdict, the court is required to " 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and

other relevant matter' " *(Ashe v Swenson, supra,* p 444). If a " 'rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration' " *(Ashe v Swenson, supra,* p 444), the claim of collateral estoppel must fail *(see, United States v Seijo,* 537 F2d 694, 697, *supra).*

Here, the jury did not have to decide that defendant and Jakiela were not present at the gas station to acquit defendant of the robbery. The ultimate fact was not whether defendant and Jakiela were at the gas station, but whether defendant robbed Jakiela. Defense counsel convincingly argued to the jury that no robbery had occurred. He emphasized the fact that Jakiela had previously failed to tell the police that a gold chain and lighter were taken from him during the robbery. Also, Jakiela had testified that during the robbery his shirt was torn and he received a scratch on his chest, and defense counsel argued to the jury that Jakiela's father, the first person who saw Jakiela after the robbery, was not called by the prosecution as a witness to corroborate Jakiela's testimony that he was robbed. The court gave the jury a missing witness charge based on the prosecutor's failure to call Jakiela's father to the stand.

Based on the evidence in the case, the summation, and the court's charge, the jury could rationally have concluded that no robbery had taken place, without necessarily deciding whether defendant was at the location testified to by Jakiela. Since the issue of defendant's whereabouts was not necessarily determined in the first trial, the People were not precluded by the verdict of not guilty from relitigating that issue in this action.

We find no merit to the other issues raised by defendant.

All concur, except Doerr and Schnepp, JJ., who dissent and vote to reverse, in the following memorandum.

Doerr and Schnepp, JJ. (dissenting). We dissent. The trial court should have excluded Jakiela's testimony on the ground that the prior acquittal of defendant for the alleged robbery of Jakiela operated as an estoppel which precluded the People from introducing his once-rejected testimony in the trial for the robbery of Nello. We agree with the majority insofar as it has rejected defendant's claim of a violation of his constitutional rights (US Const 5th Amend). The guarantee against double jeopardy incorporates the law of collateral estoppel to the extent that "the prosecution of a defendant who has himself previously been acquitted of another crime based on

the same transaction" is constitutionally impermissible *(People v Berkowitz,* 50 NY2d 333, 343-344; *see, Ashe v Swenson,* 397 US 436). It is well established, however, that common-law, nonconstitutional principles of collateral estoppel continue to exist independent of the prohibition against double jeopardy *(see, People ex rel. Dowdy v Smith,* 48 NY2d 477, 483). These common-law principles preclude the People from relitigating any issue of fact essential to a judgment of acquittal in any subsequent prosecution even though the offenses involved are unrelated and arise from separate criminal transactions.

A defendant is not entitled to the benefit of collateral estoppel unless he demonstrates that "the jury's verdict in the prior trial *necessarily* decided the issues raised in the second prosecution" *(United States v Gugliaro,* 501 F2d 68, 70 [emphasis in original]; *see, United States v Jackson,* 778 F2d 933, 942). The majority, however, place such a restrictive meaning on the word "necessarily" that it is difficult to conceive of any fact pattern to which the nonconstitutional doctrine of collateral estoppel would apply. The Court of Appeals warning that collateral estoppel should not be liberally invoked because "it will normally be impossible to determine the exact import of a verdict of acquittal" *(People v Berkowitz, supra,* p 346) was not intended to serve as an excuse to avoid applying collateral estoppel in cases where a searching inquiry of the record in defendant's first trial leads to the conclusion that a rational jury must have decided a particular issue in defendant's favor *Ashe v Swenson (supra,* p 444) teaches that "the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." In determining " 'whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration' " *(Ashe v Swenson, supra,* p 444), we are compelled to examine the prior record "in a realistic, rational and practical way, bearing in mind all the circumstances" and "to determine as best we can what makes the jury's verdict coherent" *(United States v Mulherin,* 710 F2d 731, 740, *cert denied sub nom. Moore v United States,* 464 US 964, *cert denied sub nom. Hornsby v United States* 465 US 1034).

The majority theorizes that defendant raised two defenses at his first trial—(1) that no one was at the gas station and (2) that regardless of whether defendant and Jakiela were at the gas station, no robbery occurred. Thus, they conclude that the jury necessarily decided only that Jakiela was lying about the

robbery. In our view, the majority is applying a "hypertechnical" approach to the record of the first trial. The key disputed issue at that trial concerned the alleged encounter at the gas station. If the jury disbelieved Jakiela's testimony that he was at the gas station, it follows that the jury had to find no robbery occurred. This was the strategy that the defense adopted. The defense necessarily challenged Jakiela on the details of the alleged robbery as part of its plan to show that his entire story was a fabrication. Clearly, the general verdict of acquittal did not establish the truth of defendant's alibi; however, that alibi was part of the record and was a factor in narrowing the focus of the first trial to the key issue in dispute—whether defendant was present at the gas station.

More importantly, the jury's verdict necessarily established that Jakiela was not a credible witness. The majority agrees that the first jury found Jakiela must have lied about the robbery but concludes we cannot infer anything further from the acquittal. However, there is no rational basis to divide Jakiela's testimony into segments. He testified to a single, indivisible incident and the jury rejected his testimony. As a practical matter Jakiela's testimony presented the jury with an all-or-nothing scenario and the verdict necessarily turned on their assessment of his over-all credibility. In effect, the question of Jakiela's credibility was the issue "necessarily" decided at the first trial and, since one jury had determined that he was not a believable witness concerning the alleged incident at the gas station, the second jury should not have been allowed to reevaluate his veracity *(see, United States v Mock,* 604 F2d 341, *affd* 640 F2d 629; *cf. United States v Jackson,* 778 F2d 933, 941-942, *supra).* Accordingly, the judgment should be reversed, on the law, and a new trial granted. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, first degree, and another offense.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.