**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NELSON R. LYNCH,

      Petitioner - Appellant,

vs.

TIM O'DELL, Warden,

      Respondent - Appellee.

No. 05-6229
(D.C. No. CIV-05–0150-HE)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Nelson R. Lynch, an inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254. In order to merit a COA, Mr. Lynch must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To make such a showing, he must demonstrate that reasonable jurists would find the district court's resolution of the constitutional issue contained in his motion debatable or wrong. Id.; Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Mr. Lynch has not made that showing, we deny a COA and dismiss the appeal.

Upon negotiated pleas in four separate cases, Mr. Lynch was convicted of trafficking in illegal drugs, possession of a controlled substance with intent to distribute (two cases), and unauthorized use of a motor vehicle. He received fifteen years in each drug case, and ten years in the motor vehicle case. The state applied to revoke the suspended sentences in all four cases based upon commission of another offense, possession of a controlled dangerous substance with intent to distribute. When a jury acquitted Mr. Lynch of this new offense, the state district court nonetheless revoked the suspended sentences, ordering them to run concurrently. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed. R. Doc. 15 at Ex. 2. Mr. Lynch filed for state post-conviction relief, which the state district court denied, and the OCCA affirmed the denial. R. Doc. 15, Exs. 4 & 6.

In his federal habeas petition, Mr. Lynch raised the following grounds: (1) ineffective assistance of trial and appellate counsel, (2) the evidence was insufficient to revoke his suspended sentence, (3) the state was collaterally estopped from relying on the same evidence of which a jury acquitted Mr. Lynch in order to revoke, (4) the preponderance of the evidence standard for revocation is unconstitutional, and (5) his sentence was excessive. R. Doc. 1. The magistrate judge recommended denial of Mr. Lynch's habeas petition, and after considering Mr. Lynch's objections, the district court adopted the magistrate's

findings and denied Mr. Lynch habeas relief.  In his application for COA, Mr. Lynch raises only three grounds for relief, (1) there was insufficient evidence to revoke his suspended sentence, (2) the state was collaterally estopped from using evidence from his acquittal to revoke his suspended sentence, and (3) his sentence was excessive.  Aplt. Form A-16, at 2.

A. *Sufficiency of the Evidence*

Mr. Lynch, on application here, concedes that the applicable standard for revoking his suspended sentence was a preponderance of the evidence.  Pet. Opening Br. (Part B) at 2; see United States v. Cantley, 130 F.3d 1371, 1376 (10th Cir. 1997) (recognizing Oklahoma's preponderance of the evidence standard); Bumgarner v. Middleton, No. 94-7003, 1995 WL 275718, at *2 (10th Cir. May 10, 1995) (unpublished); Morishita v. Morris, 702 F.2d 207, 210 (10th Cir. 1983) (probation revocation is based on a "preponderance of the evidence rather than proof beyond a reasonable doubt"); Fleming v. State, 760 P.2d 206, 207 (Okla. Crim. App. 1988) (proof required to revoke suspended sentence is preponderance of evidence that accused violated terms of his suspension).  The OCCA held that sufficient evidence supported the revocation.  Whether that holding is reviewed under 28 U.S.C. § 2254(d)(1) or (2), we must uphold that determination on collateral review because it is neither based on an unreasonable factual determination in light of evidence presented in the state court proceedings,

nor is it an unreasonable application of clearly established federal law. Boltz v. Mullin, 415 F.3d 1215, 1230 (10th Cir. 2005) (noting that Tenth Circuit has not decided whether a sufficiency of the evidence claim presents a question of law reviewed under § 2254(d)(1) or a question of fact reviewable under § 2254(d)(2)).

Here, Officer Query testified he stopped Mr. Lynch because his vehicle had a severely cracked windshield. R. Doc. 15 at Ex. 11 (Tr. at 8). When the officer asked Mr. Lynch to produce a driver's license, Mr. Lynch was unable to do so. Id. (Tr. at 9). Mr. Lynch was the only occupant of the vehicle. Id. (Tr. at 10). After verifying that Mr. Lynch had no driver's license, the officer placed him under arrest and conducted an inventory search of Mr. Lynch's vehicle. Id. (Tr. at 11-12). Officer Query testified that he found a small baggie with a white rock in it under the driver's seat. Id. (Tr. at 12-14). The white rock tested positive for cocaine base, or crack. Id. (Tr. at 17; 38-41).

The magistrate concluded that under Oklahoma law and in light of this standard, a reasonable fact-finder could conclude that Mr. Lynch possessed cocaine. We have reviewed the testimony of Officer Query, R. Doc. 13 at Ex. 11, and find this conclusion is not reasonably debatable. See United States v. Cota-Meza, 367 F.3d 1218, 1223-24 (10th Cir. 2004) (there was sufficient evidence to find a driver of a vehicle who denied knowledge of contraband within that vehicle guilty of possession with intent to distribute), cert. denied, 125 S. Ct. 276 (2004).

- 4 -

B. *Collateral Estoppel*

Mr. Lynch argues that because he was acquitted of possession of a controlled dangerous substance with intent to distribute, collateral estoppel prevented the use of the evidence from that trial to revoke his suspended sentence. The OCCA held that collateral estoppel did not apply because no adjudication of guilt or innocence occurs upon revocation of a suspended sentence. Rather, it is merely a determination that a violation of the suspended sentence has occurred. R. Doc. 15 at Ex. 2 at 2 (citing Moore v. State, 644 P.2d 1079, 1081 (Okla. Crim. App. 1979)).

To the extent Mr. Lynch is claiming a double jeopardy violation, its lack of merit is not reasonably debatable. Under Oklahoma law, acquittal of a charge does not preclude use of the same evidence to revoke a suspended sentence, and such use does not constitute double jeopardy. See Moore, 644 P.2d at 1080; see also Morishita, 702 F.2d at 210. The Double Jeopardy clause protects against subsequent criminal prosecution for the same offense after an acquittal has been obtained–the revocation proceeding in this case simply is not criminal prosecution to which Double Jeopardy protections apply. See Gillespie v. Hunter, 159 F.2d 410, 412 (10th Cir. 1947) (probation revocation did not constitute double jeopardy); see also United States v. Grisanti, 4 F.3d 173, 176 (2d Cir. 1993); United States v. Hanahan, 798 F.2d 187, 189-90 (7th Cir. 1986); Standlee v.

Rhay, 557 F.2d 1303, 1305, 1307 (9th Cir. 1977).

C. *Excessive Sentence*[1]

Sentencing issues are state law questions and are generally not cognizable on federal habeas review unless it is shown the sentence is "outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000); Hawkins v. Hargett, 200 F.3d 1279, 1281 (10th Cir. 1999). Mr. Lynch does not challenge that his original sentences were within the statutory range. Upon revocation, Mr. Lynch was to serve all four sentences concurrently, amounting to a total of only fifteen years on a potential fifty-five year sentence. Mr. Lynch has failed to show why this sentence is unauthorized by law or outside the statutory limits. The burden is Mr. Lynch's. See Dennis, 222 F.3d at 1258. In addition, we do not fund Mr. Lynch's sentence grossly disproportionate in relation to his crimes. See Hawkins, 200 F.3d at 1282. The fact that the court reinstated his original sentence as the result of a revocation does not amount to a violation of a constitutional right.

We DENY Mr. Lynch's application for a COA and dismiss the appeal.

Entered for the Court

---

[1] Mr. Lynch identifies this as a ground for relief in his COA petition, but makes no mention of it in his Opening Brief. For the sake of completeness, we assume he intended to make this argument and therefore address it.

Paul J. Kelly, Jr.
Circuit Judge